In Everage v. Gibson, 372 So.2d 829 (Ala. 1979), this Court said:
 "We hold that the adjudication of paternity in a proceeding under § 26-12-1 et seq. is sufficient state expression by which to obtain the legitimation
of an illegitimate child in order that it may inherit from the intestate father's estate in the same manner as a legitimate child."
On May 4, 1977, Cohill was judicially determined in a proceeding under § 26-12-1, et seq., to be the father of Della Rena Abrams. Under Everage, that determination was sufficient to establish the right of Della Rena Abrams to inherit from her intestate father's estate.[1] The question whether the paternity proceeding was barred by the statute of limitations should have been raised in that proceeding and not by a collateral attack in this proceeding to determine heirs.
[1] In Code 1975, § 43-8-48, enacted after this case arose, the legislature addressed the issue presented in this case, reaching the same result as the holding in this case. See also the commentary to § 43-8-48.